THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD K. JORDAN,<br><br>　　　　　　　Defendant. | CASE NO. CR15-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 1202) and the Government's motion to seal its response (Dkt. No. 1207). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion and DENIES the Government's motion for the reasons explained herein.

I. **BACKGROUND**

On April 25, 2017, Defendant was sentenced to five years of supervised release for conspiracy to distribute controlled substances. (Dkt. No. 1021 at 2–3). On February 27, 2018, the Court modified Defendant's terms of supervised release to add a gambling prohibition after information was provided showing Defendant had committed fraud at a local casino. (Dkt. No. 1208 at 2). On July 2, 2018, Defendant violated the terms of his supervised release by using marijuana. (*Id.*) Defendant was subsequently referred for a substance use disorder evaluation and

had his drug testing increased to the highest frequency. (*Id.*)

On August 24, 2018, Defendant was alleged to have violated the terms of supervised release by using marijuana and committing an assault. (*Id.*) When Defendant was arrested, he had $3,351 on his person, far in excess of the $482 he made every two weeks according to his pay stubs, and he provided a phone number that was not previously disclosed to his probation officer. (*Id.*) The assault violation was dismissed when the victim recanted her claim and Defendant admitted the marijuana violation. (*Id.*) The Court revoked Defendant's supervision and imposed a sentence of time served followed by 42 months of supervision. (*Id.*)

On January 3, 2020, Defendant pleaded guilty to theft in the first degree based on his cheating at the casino and was required to pay $21,204 in restitution. (*Id.*) In May 2020, Defendant had contact with police but was untruthful to his probation officer about the incident. (*Id.* at 2–3.)

Defendant now moves for early termination of supervised release. (Dkt. No. 1201.) The Government and U.S. Probation recommend Defendant's term of supervision be continued without early termination. (*See* Dkt. No. 1208 at 3.)

## II.   DISCUSSION

### A.   Early Termination of Supervised Release

The defendant bears the burden of showing a change of circumstances sufficient to justify termination of supervise release and the district court has broad discretion in determining whether to grant a motion to terminate supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Early termination is not appropriate simply because the defendant has done well during supervised release: compliance with the terms of release is expected, and compliance alone is insufficient to justify early termination. *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997). Instead, early termination is reserved for cases of "exceptionally good behavior." *Id.*

Here, Defendant claims that his adherence to the terms of his supervised release warrant

early termination. (*See* Dkt. No. 1201 at 1.) But Defendant's claim that he has adhered to the terms of his supervised release is contradicted by his repeated violations of the terms of his supervised release. Furthermore, while not alleged to be violations of the terms of his supervised release, Defendant's January 2020 guilty plea of first-degree theft and his failure to accurately report the May 2020 contact with police to his probation officer are points of concern. Therefore, Defendant has not demonstrated "exceptionally good behavior" meriting early termination of his supervised release. *See Lussier*, 104 F.3d at 36.

### B. Motion to Seal

The Government moves to maintain under seal its response to Defendant's motion "due to the sensitive information contained in the background information of the response." (Dkt. No. 1207 at 2.)

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Upon a showing of "good cause," district courts may order documents attached to non-dispositive motions to remain under seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c) (stating district courts may issue orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" if "good cause" is shown). This rule provides an exception to the "strong presumption in favor of [public] access" to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135).

In support of its motion to seal, the Government merely argues that the background section of the response contains "sensitive information." (*See* Dkt. No. 1207 at 2.) But the Government does not specify what information it believes merits sealing its response, and the record does not plainly contain any information that could be used for improper purposes. Thus, the Government's bare assertion is insufficient to establish good cause that outweighs the public's interest in having access to the Court's documents.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 1201) is DENIED. The Government's motion to seal its response to Defendant's motion (Dkt. No. 1207) is DENIED. The Clerk is DIRECTED to unseal Docket Number 1208.

DATED this 3rd day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE